**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4730-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

GEORGE NEEWILLY,

    Defendant-Appellant.

_____

          Submitted May 14, 2019 – Decided June 13, 2019

          Before Judges Yannotti and Natali.

          On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 14-03-0532.

          Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

          Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (Dylan P. Thompson, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from an order of the Law Division, dated May 8, 2018, which denied his petition for post-conviction relief (PCR). We affirm.

In March 2014, an Atlantic County grand jury returned Indictment No. 14-03-0532 and charged defendant with second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) (count seven); third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2) (count eight); fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4) (count nine); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count ten); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count eleven); third-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1) (count twelve); second-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(2) (count thirteen); third-degree possession of CDS with intent to distribute on school property, N.J.S.A. 2C:35-7 (count fourteen); and second-degree conspiracy to possess more than one-half ounce of CDS, with intent to distribute, N.J.S.A. 2C:5-2; N.J.S.A. 2C:35-5(b)(2) (count fifteen).[1]

---

[1] Co-defendant James Smith also was charged with defendant in counts twelve through fifteen. Co-defendants Ronnie Gillespie and Barry Sanders were charged in counts one through four, and Gillespie was charged in counts five and six.

On September 18, 2014, defendant pled guilty to counts ten (second-degree unlawful possession of a weapon) and thirteen (amended to charge third-degree possession of CDS with intent to distribute). The State agreed to recommend a sentence of three years of incarceration, with one year of parole ineligibility, on count ten; and a flat, four-year term of incarceration on count thirteen. The sentences would be concurrent with each other, and concurrent to a sentence imposed in another matter for a violation of a suspended sentence. The State also agreed to dismiss the remaining charges.

At the plea hearing, defendant's attorney advised the judge that he had discussed the plea with defendant and that "amongst things we discussed is he's not a citizen of the United States, he's a citizen of Liberia." Defendant's attorney commented that defendant "had a green card in the past" and that defendant "believes he can deal with that while he's out pending sentencing."

In response to questioning by the judge, defendant testified that he had reviewed the plea forms with his attorney, that he understood them, and that he had previously pled guilty in another case and received a suspended sentence. Before accepting the guilty plea, the following colloquy took place between the judge and defendant:

> Q. All right. And you're not a United States citizen, is that correct?

A.     Yes.

Q.     Where is your native country?

A.     Liberia.

Q.     All right.  You understand that if you're not a United States citizen that this plea may result in your removal from the United States or stop you from being able to legally reenter the United States?   You've discussed that with your lawyer?

A.     Yes.

Q.     You also understand you have the right to seek individualize[d] advice from a[n] immigration lawyer about the effect of your guilty plea and what it will have on your immigration status.  You understand that?

A.     Yes.

Q.     Have you discussed with your attorney the potential immigration consequences of your plea?

A.     Yes.

Q.     And you're going to go seek advice from somebody else about that too?

A.     Yes.

Q.     All right.   And . . . you still want to proceed today with your guilty plea?

A.     Yes.

Q.    All right.  Having been advised of your possible immigration consequences and your right to seek legal advice you still wish to plead guilty today and move forward?

A.    Yes.

On the plea form, defendant indicated that he was not a citizen of the United States.  He circled "yes" for Questions 17(b) and (c), which asked whether he understood that his plea could result in his removal from the country and that he had the right to seek legal advice regarding the effect of his plea on his immigration status.

Defendant also circled "no" for Questions 17(d) and (e), which asked if he had spoken to an attorney about the immigration consequences of his plea or would like the opportunity to do so.  In addition, he circled "yes" for Question 17(f), which asked, "Having been advised of the possible immigration consequences and of your right to seek individualized legal advice on your immigration consequences, do you still wish to plead guilty?"

At the sentencing on December 11, 2014, the judge noted that defendant had an adult history of four arrests, including two felony convictions.  The judge also noted that "[a]n immigration alien inquiry was processed" and that "[t]he response state[d] that . . . [i]f [defendant] has been convicted of a felony offense he may be removed after proceedings for violation of the Immigration Act."

A-4730-17T4

The judge resentenced defendant to three years in prison "[o]n the suspended sentence violation by virtue of the new conviction[.]" The judge sentenced defendant in accordance with the plea agreement in this case to three years of incarceration on the weapons charge, with a one-year period of parole ineligibility, and four years flat on the CDS possession charge, with both sentences to run concurrent to each other and concurrent to the three years for the violation of the suspended sentence. The judge commented that "INS should be notified upon [defendant] being released from state prison. And then from there they can do what they normally do."

Defendant filed a pro se PCR petition on April 11, 2017, alleging that there was "no legal basis to charge [him] with poss[ession] of [a] handgun" and that "the drugs [were] not on [his] person." Defendant did not sign the PCR petition or provide the court with a certification or affidavit setting forth facts supporting his claims.

The court assigned PCR counsel for defendant, and counsel later filed a brief arguing that: plea counsel was ineffective for failing to inform defendant of the immigration consequences of his plea, the plea was involuntary, and the sentence was excessive. On April 24, 2018, the court heard oral argument, and filed a written opinion, in which it concluded the petition should be denied.

The court found that defendant had not satisfied his burden of showing ineffective assistance of counsel and he was not entitled to an evidentiary hearing on his petition. The court determined that defendant has not presented any evidence to support his allegation that his attorney failed to inform him of the immigration consequences of his plea.

The court found that defendant failed to show that his attorney's representation fell outside the range of reasonable professional judgment, or that he was prejudiced by counsel's alleged deficient performance. The court determined that defendant was not entitled to an evidentiary hearing on his petition. The court also determined that defendant's claim that his sentence is excessive was not cognizable in a PCR petition. This appeal followed.[2]

On appeal, defendant argues that the PCR court erred in denying his request for an evidentiary hearing. He claims that the record shows that he "believed that he would remain in this country even if he pled guilty," pointing to plea counsel's comment that defendant "would be dealing with his green card issue pending sentencing," and defendant's response to the judge at the plea hearing indicating he intended to consult an immigration attorney after he entered his plea. He argues that plea counsel failed to inform him of the

_____

[2] It appears that defendant was deported on June 11, 2018.

mandatory deportation consequences of his plea, and that he was prejudiced because he was deported. He acknowledges that plea counsel has passed away, but maintains that he "can testify at a hearing to offer evidence in support of his claim."

A defendant is entitled to an evidentiary hearing on a PCR petition only when (1) he establishes a prima facie case in support of PCR; (2) "there are material issues of disputed fact that cannot be resolved by reference to the existing record"; and, (3) "an evidentiary hearing is necessary to resolve the claims for relief." State v. Porter, 216 N.J. 343, 354 (2013) (quoting R. 3:22-10(b)). "To establish a prima facie case, defendant must demonstrate a reasonable likelihood that his . . . claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits." R. 3:22-10(b); Porter, 216 N.J. at 355.

Moreover, the "defendant must allege specific facts and evidence supporting his allegations." Porter, 216 N.J. at 355. Also, "[a]ny factual assertion that provides the predicate for a claim of relief must be made by an affidavit or certification pursuant to [Rule] 1:4-4 and based upon personal knowledge of the declarant before the court may grant an evidentiary hearing." R. 3:22-10(c).

To establish ineffective assistance of plea counsel, a defendant must show that counsel's performance was deficient and that, but for counsel's errors, there is a reasonable probability that he would not have pled guilty. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984); State v. DiFrisco, 137 N.J. 434, 457 (1994). Further, "to satisfy a defendant's Sixth Amendment right to effective assistance of counsel, counsel has an affirmative obligation to inform a client-defendant when a plea places the client at risk of deportation." State v. Gaitan, 209 N.J. 339, 356 (2012) (citing Padilla v. Kentucky, 559 U.S. 356, 374 (2010)).

"In the 'numerous situations in which the deportation consequences of a particular plea are unclear . . . a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences.'" State v. Blake, 444 N.J. Super. 285, 295 (App. Div. 2016) (alteration in original) (quoting Padilla, 559 U.S. at 369). "However, where the 'terms of the relevant immigration statute are succinct, clear and explicit in defining the removal consequence,' then an attorney is obliged to be 'equally clear.'" Ibid. (quoting Padilla, 559 U.S. at 368-69). "[C]ounsel's failure to point out to a noncitizen client that he . . . is pleading to

a mandatorily removable offense [constitutes] deficient performance of counsel[.]" Gaitan, 209 N.J. at 380.

Here, defendant acknowledges that at the plea hearing, he confirmed that he had discussed the deportation consequences of his plea with his attorney. Even so, defendant notes that his attorney told the court defendant would be dealing with his "green card" issue before sentencing, and asserts that this implies his attorney believed the "green card" issue would allow defendant to remain in the United States, despite the plea. According to defendant, this shows that he did not believe his plea was dispositive on the issue of deportation.

The record does not, however, support the contention that defendant's attorney gave him erroneous or misleading advice concerning the deportation consequences of his plea. As we stated previously, on the plea form, defendant indicated that he had been informed of the deportation consequences of his plea, and his plea could result in his removal from the United States.

Moreover, defendant did not present the PCR court with a certification or affidavit detailing the advice his attorney provided him regarding the immigration consequences of his plea. Therefore, defendant did not establish that his attorney ever advised him his plea would not result in his deportation. Defendant may have had the mistaken belief that he could deal with his "green

10

card issue" and could avoid deportation, but he has not shown this was due to any misleading or erroneous advice his attorney gave him.

Defendant also argues that the PCR court erred by relying upon his statement at the plea hearing that he was going to seek further advice from a lawyer about the immigration consequences of his plea. Defendant asserts that if he sought advice from immigration counsel after he entered his plea, this would not have prevented the harm "inherent" in the plea.

We note, however, that after defendant indicated he was going to seek further advice on the immigration consequences of the plea, he told the court that he wanted to proceed with his plea at that time. Defendant could have asked for additional time to consider the plea, but he chose not to do so. Moreover, in its opinion, the PCR court noted that defendant entered his plea on September 18, 2014, and he was not sentenced until December 14, 2014.

The judge wrote that defendant had three months in which to seek the advice of immigration counsel, which he failed to do. The judge stated that if immigration counsel had advised defendant to change his plea before sentencing, he could have filed a motion to withdraw the plea, and the court would have applied a less-stringent standard in ruling on the motion. See State v. Slater, 198 N.J. 145, 156 (2009) (noting that under Rule 3:9-3(e), a motion to

11

withdraw a plea at or before sentencing can be granted in the "interests of justice").

We therefore conclude that the record supports the PCR court's determination that defendant failed to establish a prima facie case of ineffective assistance of counsel. The PCR court correctly found that defendant was not entitled to an evidentiary hearing on his petition. R. 3:22-10(b); Porter, 216 N.J. at 354.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12                                                          A-4730-17T4